UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JAMES R. KNAPP, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:18-cv-281 |
| | ) |
| WEST BEND MUTUAL | ) |
| INSURANCE COMPANY and | ) |
| AMERICAN FAMILY MUTUAL | ) |
| INSURANCE COMPANY, | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

This matter is before the court on the Motion to Reconsider [DE 27] filed by the plaintiff, James R. Knapp, on February 12, 2019. For the following reasons, the motion is **GRANTED in part and DENIED in part.**

*Background*

The plaintiff, James R. Knapp, initiated this matter against the defendant, West Bend Mutual Insurance Company, for underinsured motorist benefits under a West Bend policy of insurance. The claim was based on injuries he sustained in a motor vehicle accident. Knapp has alleged breach of contract, bad faith, and oppressive misconduct against the defendants.

Knapp propounded requests for production of documents on West Bend. He requested "a complete copy of the insurance or investigative claim file developed by agents of the defendant including, but not limited to all claim files, notes memoranda, and evaluations"; "all claims management system documents generated by the defendant relating to the claim"; and "all claims management electronic files generated by the defendant relating to this claim." In response to the requests for production, West Bend asserted the work-product privilege, the

attorney-client privilege, and the insurer-insured privilege. West Bend provided a privilege log for reference. However, the privilege log did not contain the dates that the withheld documents were created.

Knapp filed a motion to compel on January 4, 2019, requesting that the court order West Bend to identify the dates that the documents contained in its privilege log were created, to produce any such documents contained within the privilege log that pre-dated the initiation of litigation, and to produce a surveillance video. West Bend served an amended privilege log on January 9, 2019. West Bend provided proof of service with the court. Since Knapp did not file a reply, the court construed West Bend's notice as an indication that it had complied with Knapp's requests.

Knapp filed the instant motion requesting the court to reconsider its order denying the motion to compel as moot. Knapp has indicated that West Bend has not provided the documents that were created prior to the initiation of this lawsuit or the surveillance video that he requested in his motion to compel. West Bend filed a response in opposition on February 22, 2019, and Knapp filed a reply on February 27, 2019.

*Discussion*

Although they are frequently filed, the Court of Appeals has described a motion for reconsideration as "a motion that, strictly speaking, does not exist under the Federal Rules of Civil Procedure." **Hope v. United States**, 43 F.3d 1140, 1142 n.2 (7th Cir. 1994); *see* **Talano v. Northwestern Med. Faculty Found., Inc.**, 273 F.3d 757, 760 n.1 (7th Cir. 2001). This type of motion "is a request that the [Court] reexamine its decision in light of additional legal arguments, a change of law, or perhaps an argument or aspect of the case which was overlooked." **Ahmed v. Ashcroft**, 388 F.3d 247, 249 (7th Cir. 2004) (internal quotation omitted); *see* **Seng-Tiong Ho v.**

*Taflove*, 648 F.3d 489, 505 (7th Cir. 2011) (explaining that a court can amend its judgment only if the petitioner can demonstrate a manifest error of law or present newly discovered evidence) (citing ***Obriecht v. Raemisch***, 517 F.3d 489, 494 (7th Cir. 2008); ***United States v. Ligas***, 549 F.3d 497, 501 (7th Cir. 2008) ("A district court may reconsider a prior decision when there has been a significant change in the law or facts since the parties presented the issue to the court, when the court misunderstands a party's arguments, or when the court overreaches by deciding an issue not properly before it."). In ***Frietsch v. Refco, Inc.***, 56 F.3d 825 (7th Cir. 1995), the Court of Appeals did not question the availability of a motion to reconsider but stated:

> It is not the purpose of allowing motions for reconsideration to enable a party to complete presenting his case after the court has ruled against him. Were such a procedure to be countenanced, some lawsuits really might never end, rather than just seeming endless.

56 F.3d at 828; *see* ***Oto v. Metro. Life Ins. Co.***, 224 F.3d 601, 606 (7th Cir. 2000) ("A party may not use a motion for reconsideration to introduce new evidence that could have been presented earlier."); ***Divane v. Krull Electric Co.***, 194 F.3d 845, 850 (7th Cir. 1999); ***LB Credit Corp. v. Resolution Trust Corp.***, 49 F.3d 1263, 1267 (7th Cir. 1995). Ultimately, a motion for reconsideration is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." ***Global View Ltd. Venture Capital v. Great Central Basin Exploration***, 288 F. Supp. 2d 482, 483 (S.D.N.Y. 2003) (internal quotation omitted).

West Bend has indicated that Knapp sustained injuries on June 6, 2012, while driving his employer's truck when another vehicle pulled out of a gas station directly in front of him. Knapp received $25,000.00, the insurance policy limit, in an action against the tortfeasor. Knapp filed a claim against his employer for workers' compensation benefits on November 27, 2012.

Thereafter, on March 1, 2013 Knapp's attorney at the time sent written notice indicating Knapp's intention to make a claim for underinsured motorist policy benefits under the West Bend policy.

West Bend asserts that as of March 1, 2013, it was placed on notice of an existing articulable claim likely to lead to litigation. Thus, any documentation produced after that date was protected under the work-product privilege. However, Knapp contends that the documents withheld prior to the initiation of litigation were prepared in the ordinary course of West Bend's business of investigating and evaluating his claim, and therefore are discoverable.

The work product doctrine is codified in **Federal Rule of Civil Procedure 26(b)(3)** as follows:

> Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But, subject to Rule 26(b)(4), those materials may be discovered if: (i) they are otherwise discoverable under Rule 26(b)(1); and (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means. . . . If the court orders discovery of those materials, it must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation.

*See* **Boyer v. Gildea**, 257 F.R.D. 488, 490 (N.D. Ind. 2009) (applying the Rule). To meet the qualified immunity from discovery based on Rule 26(b)(3), "a party claiming protection must show that the materials sought are: (1) documents and tangible things; (2) prepared in anticipation of litigation or for trial; and (3) by or for a party or by or for a party's representative." **Boyer**, 257 F.R.D. at 490 (citing Wright, Miller & Marcus, **8 *Federal Practice & Procedure* § 2024 (3d ed.)). "The core of attorney work product consists of 'the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative

concerning the litigation.'" *Menasha Corp. v. U.S. Dep't of Justice*, 707 F.3d 846, 847 (7th Cir. 2013).

The threshold determination is whether the documents sought to be protected were prepared in anticipation of litigation or for trial. *Caremark, Inc. v. Affiliated Computer Servs., Inc.*, 195 F.R.D. 610, 614 (N.D. Ill. 2000). The test for each document is "whether, in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation." *Caremark*, 195 F.R.D. at 614 (citing and quoting *Binks Mfg. Co. v. Nat'l Presto Indus., Inc.*, 709 F.2d 1109, 1118–19 (7th Cir. 1983)). Precedent is clear that eventual litigation does not ensure protection of all materials prepared by attorneys—the "remote prospect of future litigation" does not suffice to bring the work product doctrine into play. *Binks*, 709 F.2d at 1120. Materials or investigative reports developed in the ordinary course of business do not qualify as work product; only if the material or report came into existence because of the litigation or because of an existing articulable claim likely to lead to litigation can the doctrine apply. *Caremark*, 195 F.R.D. at 614.

The party resisting disclosure has the burden of establishing the documents eligibility for protection. *Binks*, 709 F.2d at 1120. Therefore, West Bend must demonstrate that "at the very least some articulable claim, likely to lead to litigation" had arisen and that the probability of litigation was "substantial and imminent." *Binks*, 709 F.2d at 1119. There is no blanket protection for insurer claim files. *See Prisco Serena Sturm Architects v. Liberty Mut. Ins. Co.*, 1996 WL 89225 *2 (N. D. Ill. 1996) (no blanket protection for insurance claim file); *Old Second Nat. Bank of Aurora v. Commercial Union Midwest Ins. Co.* 1999 WL 1068635, *4 (N.D. Ill. 1999) (insurer failed to show that the sought documents were prepared subsequent to suit being

filed or that the subject matter of the documents generally concerned its intended plan to defend the underlying actions); *Stout v. Illinois Farmers Ins. Co.,* 150 F.R.D. 594, 596 (S.D. Ind. 1993) (no privilege because documents were created while insurer was still making initial decision whether to approve or deny claim).

West Bend relied on *Logan v. Commercial Union Ins. Co.,* 96 F.3d 971, 977 (7th Cir. 1996) to support its contention that any documentation produced after March 1, 2013, was protected by the work-product privilege. The court in *Logan* examined whether a claim file was arguably prepared due to the prospect of anticipated litigation. *See Logan,* 96 F.3d at 976–77. Specifically, the court stated that "[w]hile much of the paperwork generated by insurance companies is prepared with an eye toward a possible legal dispute over a claim, it is important to distinguish between an investigative report developed in the ordinary course of business as a precaution for the remote prospect of litigation and materials prepared because some articulable claim likely to lead to litigation . . . has arisen." *Logan,* 96 F.3d at 977 (internal citations omitted). The court determined that the documents were created in anticipation of litigation because the documents for which it claimed privilege were written after Logan's claim had been processed, investigated, and denied, and after Logan had already filed suit for benefits. *Logan,* 96 F.3d at 977.

The facts of the instant matter are not analogous with *Logan.* West Bend has asserted privilege before Knapp's claim was investigated or denied. Specifically, West Bend claims privilege from the date it was placed on notice of a claim for underinsured benefits. Normally, only after the insurance company makes a decision with respect to the claim will a reasonable threat of litigation arise so that information gathered thereafter might be said to be acquired in anticipation of litigation. *Harper v. Auto-Owners Ins. Co.,* 138 F.R.D. 655, 663 (S.D. Ind.

6

1991); *Pete Rinaldi's Fast Foods, Inc. v. Great American Ins. Companies,* 123 F.R.D. 198, 202 (M.D.N.C. 1988).

Additionally, the party asserting the work-product doctrine must establish all of its elements on a document-by-document basis. *Mold–Masters Ltd. v. Husky Injection Molding Systems Ltd.,* 2001 WL 1558303, *2 (N.D. Ill. 2001). West Bend only has offered vague assertions that any documentation produced after March 1, 2013 is protected under the work-product privilege. Thus, West Bend has not demonstrated that the documents were prepared in anticipation of litigation. Notice of a claim from an insured to an insurer is routine business of the insurer. Accordingly, West Bend has not met its burden of proving with specificity why the discovery is improper and that any documentation produced after March 1, 2013, is protected under the work-product privilege.

West Bend has denied possession of the surveillance video requested by Knapp. The court cannot order a party to produce something it does not have. Moreover, Knapp's reply brief is silent on this issue. Therefore, Knapp's request for West Bend to produce the surveillance video is denied.

Based on the foregoing reasons, the Motion to Reconsider [DE 27] is **GRANTED in part and DENIED in part.** West Bend is **ORDERED** to produce the disputed documents that pre-date the initiation of the instant matter.

ENTERED this 24th day of April, 2019.

/s/ Andrew P. Rodovich
United States Magistrate Judge